TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3165
Facsimile: (213) 894-3713
E-mail: Lyndsi.Allsop@usdoj.gov
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
Orange County Office
8000 United States Courthouse
411 West Fourth Street
Santa Ana, California 92701
Telephone: (714) 338-3531
Facsimile: (714) 338-3708
E-mail: Kristin.Spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAHIM JORGE BONILLA,<br>aka “Nahhim,”<br>aka “The One,”<br>aka “$,”<br>aka “4SSP8KTR,”<br><br>Defendant. | No. CR 2:25-00938-JVS-1<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** February 3, 2026<br>**PROPOSED TRIAL DATE:** November 17, 2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central

District of California and Assistant United States Attorneys Lyndsi Allsop and Kristin N. Spencer, and defendant Nahim Jorge Bonilla ("defendant"), both individually and by and through his counsel of record, Meghan Blanco, hereby stipulate as follows:

1. The Indictment in this case was made public on December 9, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 9, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 17, 2026.

2. On December 9, 2025, the Court set a trial date of February 3, 2026 and a status conference date of January 26, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three to four days.

4. By this stipulation, defendant moves to continue the trial date to November 17, 2026 and the status conference date to November 9, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 21 U.S.C. §§ 846, 848(e)(1)(A): CONSPIRACY TO COMMIT MURDER IN CONNECTION WITH A CONTINUING CRIMINAL ENTERPRISE AND DRUG CRIME. The government has produced discovery to the defense, including reports, photographs, warrants, phone records, and audio and video recordings.

b. Defense counsel is presently scheduled to be in the following trials: <u>United States v. Raymond McConell</u>, 2:24-cr-00665-SVW, currently set for trial August 4, 2026 and estimated to last

several weeks; and United States v. Bolanos, 8:24-CR-115-DOC, currently set for trial July 14, 2026 and estimated to last one week. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 3, 2026 to November 17, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

(h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 23, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
LYNDSI ALLSOP
KRISTIN N. SPENCER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Nahim Jorge Bonilla's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 17, 2026 is an informed and voluntary one.

MEGHAN BLANCO
Attorney for Defendant
NAHIM JORGE BONILLA

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily

agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 17, 2026.

NAHIM JORGE BONILLA
Defendant

Date